## DUPUY v. MACLEOD.

### No. 19,118; August 25, 1893.

#### 33 Pac. 1115.

**Statute of Frauds—Signature of Party to be Charged.**—The fact that a contract for the sale of chattels is reduced to writing does not, under the statute of frauds, render necessary the signature of the party to be charged, where the requirement of a writing was obviated by an immediate delivery of the goods sold.

APPEAL from Superior Court, Los Angeles County; W. N. Clark, Judge.

Action by E. Dupuy against Malcolm Macleod to recover for goods sold and delivered. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

C. W. Pendleton for appellant; O'Melveny & Henning for respondent.

SEARLS, C.—This action was brought to recover the sum of $500, the balance due on a sale of stock of merchandise and store fixtures sold and delivered by the plaintiff to defendant, at Los Angeles, May 31, 1890. The real question in issue is this: Plaintiff avers the sale was made for $1,500, to be paid as follows: $1,000 in cash, the remaining $500 to be paid as follows: When $100 worth of stock was sold, $20

to be deducted by defendant as commissions, and $80 paid to plaintiff, and so on until the $500 was paid. If the stock sold did not amount to sufficient to pay plaintiff $500, after deducting twenty per cent, plaintiff was to receive the eighty per cent of proceeds in full payment. He avers the sale of sufficient stock to entitle him to full payment under this agreement, and the evidence sustains him in this last assertion. Defendant avers that the agreement was that the $1,000 paid in cash was first to be deducted from the proceeds of sales, before any further payments were made, and then payments were to be made as averred by plaintiff; and he avers that $1,000 had not been realized from the sales when the action was brought, and hence that nothing was due. Conceding his theory to be correct, the evidence sustains his position that $1,000 had not been realized from sales. It is admitted on all hands that the sum of $1,000 was paid by defendant to plaintiff at the date of the sale, and that the defendant went into possession of the property at once, and has ever since retained the same. Plaintiff had judgment, from which, and from an order denying a new trial, this appeal is prosecuted.

The first error assigned by appellant is that the court did not find upon all the issues made by the pleadings, and (1) that it did not find upon the facts set forth by defendant in his second and separate answer. The facts set up in the separate defense were that the agreement was that defendant was first to appropriate from the proceeds of sales the $1,000 cash, as before stated, before any proceeds were to go to plaintiff. The finding was quite full on the point, and fully sustained the allegations of the complaint. It was not necessary for the court, after finding that the agreement was that defendant was to keep an accurate account of all sales, and, when the sales amounted to $100, $80 thereof was to be paid to plaintiff, and $20 retained by defendant, etc., to go on, and find, as a negative proposition, that they did not agree as set out by defendant. It was conceded that an agreement was made. Just what that agreement was, was the point submitted to the court, and the finding specifies it distinctly, and passes upon the question.

It is further objected that the court failed to find upon the fourth allegation of the complaint, which was denied by

the answer. The substance of this allegation is that the agreement of sale was reduced to writing and signed, and that the writing was in the possession of defendant. The agreement had been pleaded, and this allegation was evidently inserted for the purpose of showing, as is often done, that it was out of plaintiff's possession, and as a predicate for an amendment, if it should turn out different from the pleading, and also for the purpose of giving to the defendant notice that it would be relied upon in sustaining plaintiff's cause of action. The important question was, Was there a sale, and what were its terms? These questions were fully passed upon, and it was unnecessary to go further. There was a finding upon all the material issues, which is sufficient.

It is next contended that the court erred in admitting in evidence what is termed a "written memorandum of the contract," which is the contract of sale alluded to in the complaint, and is in the following language:

"Los Angeles, Cal., May 31, 1890.

"I have this day sold my entire interest in the seed, feed, produce, commission, and all business of whatever nature, carried on at the store 245 South Main street, Los Angeles, to Malcolm Macleod, on the following terms, viz.: The price to be one thousand cash in hand paid, the receipt of which is hereby acknowledged, and five hundred dollars to be paid in the following manner: A correct account to be kept of all goods sold, and when sales to the amount of ($100) one hundred dollars are made, after deducting twenty per cent commission for selling the same, ($80) eighty dollars to be paid over to E. Dupuy or order, and the same to be done until the full amount of five hundred dollars, net, is paid; provided so much can be sold from the stock now on hand, belonging to said Dupuy; but if there is not enough stock on hand to come to the amount of five hundred dollars, net, then the said Dupuy to accept the amount the stock sells for, as full compensation. The stock and fixtures turned over to M. Macleod is now in the store at 245 South Main street, and is entered on an invoice book, May 13, 1890, which book is marked 'A,' with the exceptions of some that has been sold from the same since that time, which is fully understood by said Macleod.

"Witness: J. M. HIXSON."                    "ED. DUPUY.

The instrument was admissible in evidence. There was evidence that it was drawn by J. M. Hixson, who witnessed it, at the store where the sale was made, at the request of the defendant, and at the time of the sale and delivery of the goods; that the consideration of $1,000, mentioned therein, was paid at the time; and that the bill of sale was left by Dupuy, the vendor, after signing it, on the desk; and that it remained in the possession of defendant until the trial, when, upon notice to him so to do, he produced it. As evidence to avoid the statute of frauds, it was defective, in not being signed by defendant Macleod, the party to be charged thereby. The statute of frauds, however, was not pleaded, and, if it had been, the plea would have been of no avail, under section 1973 of the Code of Civil Procedure, because there was an immediate delivery of all the goods sold to the purchaser, who thereafter retained possession, and a payment of $1,000, being part of the purchase price, to plaintiff. A writing to satisfy the statute of frauds is one thing. A writing which is admissible in evidence as to some of the facts of a sale is, or may be, quite a different thing. Beyond determining what shall be a sufficient compliance with the statute, the legislature has not attempted to change the principles of the law of evidence relating to written contracts. "Parties entering into any contract may either reduce its terms to writing, or may refer to some other writing, already in existence, as containing the terms of their agreement; and when they do so they are bound by what is written, whether signed by them or not": Benjamin on Sales, sec. 201. This, of course, assumes that the parties assent to the contract as written. Had plaintiff made an oral statement to defendant, precisely as contained in the writing, it would have been admissible in evidence. The fact that he made it in writing, and gave it to, or left it with, defendant, does not render it less admissible. There was sufficient evidence of assent on the part of defendant to entitle the instrument to admission in evidence. There was also evidence upon the part of defendant tending to show that he never assented to the agreement, as set out. Not having been signed by him, this was proper; and it remained for the court to pass upon the issue thus raised, which it seems to have done to the exclusion of the defendant's theory. There was a substantial conflict in

the evidence and evidence sufficient to support all the findings of the court, and the judgment and order appealed from should be affirmed.

We concur: Temple, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.